UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK THOMAS,** | **CIVIL ACTION** |
|     **Plaintiff** | |
| | |
| **VERSUS** | **NO. 25-289** |
| | |
| **GERALD D. STICKER, ET AL.,** | **SECTION: "E" (1)** |
|     **Defendants** | |

### ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process filed by Defendants Nancy Landry ("Landry") and Liz Murrill ("Murrill").[1] Plaintiff Derrick Thomas ("Plaintiff"), proceeding pro se, opposes the motion.[2] Defendants filed a reply.[3]

### BACKGROUND

On February 11, 2025, Plaintiff filed suit in this Court.[4] Plaintiff styles his complaint as a "Petition" under 42 U.S.C. § 1983.[5] Plaintiff's complaint relates to the alleged seizure and sale of Plaintiff's property in Tangipahoa Parish.[6]

On February 26, 2025, Plaintiff filed an "Affidavit and Declaration of Proof of Service" with the Court.[7] In this affidavit, Plaintiff attests, "On 02/12/25 I served the following documents pursuant to Federal Rule of Civil Procedure 5: The summons and

---

[1] R. Doc. 12.
[2] R. Doc. 22.
[3] R. Doc. 21.
[4] R. Doc. 1.
[5] *Id.*
[6] *See generally id.*
[7] R. Doc. 6.

1

original petition."[8] Plaintiff attests that he served "[t]he summons and original petition" on Landry and Murrill via "certified mail with return receipt requested."[9] Also on February 26, 2025, Plaintiff filed proof of service on Landry and Murrill.[10] Plaintiff signed as the "server" on both Landry and Murrill's proof of service forms.[11]

In the motion before the Court, Landry and Murrill move to dismiss Plaintiff's claims against them because Plaintiff did not properly serve Landry or Murrill.[12] Landry and Murrill argue Plaintiff did not comply with Rule 4(c) because Plaintiff personally served Landry and Murrill with a copy of the summons and complaint.[13]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process is not completed in the proper manner.[14] Service is not completed in the proper manner if not made in compliance with the requirements of Rule 4.[15] "In the absence of valid service of process, proceedings against a party are void."[16] When service of process is challenged, the serving party bears the burden of establishing, by a preponderance of the evidence, that service was valid under Federal Rule of Civil Procedure 4.[17] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[18]

---

[8] *Id.* at p. 2.
[9] *Id.*
[10] R. Doc. 9; R. Doc. 10.
[11] R. Doc. 9; R. Doc. 10.
[12] R. Doc. 12-1.
[13] *Id.*; FED. R. CIV. P. 4(c).
[14] *See* FED. R. CIV. P. 12(b)(5).
[15] FED. R. CIV. P. 4.
[16] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).
[17] *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *see also Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990).
[18] *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).

## **LAW AND ANALYSIS**

Rule 4(c) governs "service" generally.[19] Rule 4(c) provides:

(1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.[20]

Thus, under Rule 4(c)(2), a party to a suit may not serve another party in the same suit.[21]

In their motion to dismiss, Landry and Murrill argue Plaintiff did not comply with Rule 4(c) because he "personally mailed copies of the Complaint to Defendants by Certified Mail."[22] Plaintiff's proof of service forms for Landry and Murrill show that Plaintiff violated Rule 4(c)(2) because Plaintiff signed both forms as the "server."[23] Thus, Plaintiff has not properly served Landry and Murrill.

Even though Plaintiff has not effected valid service upon Landry and Murrill, "it

---

[19] FED. R. CIV. P. 4(c).
[20] *Id.*
[21] *Id.* at 4(c)(2); *Shabazz v. City of Houston*, 515 Fed. App'x 263, 264 (5th Cir. 2013) (first citing *Shabazz v. White*, 301 Fed. App'x. 316, 317 (5th Cir.2008); then *Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010)) ("Fed.R.Civ.P. 4(c)(2) also prohibits service by a party"); *Perez v. Miller*, No. 21-0048, 2022 WL 557491, at *3 (E.D. La. Feb. 1, 2022), *R. & R. adopted*, No. 21-0048, 2022 WL 539287 (E.D. La. Feb. 23, 2022); *Davis v. U.S. Dep't of the Treasury*, No. 18-1041, 2022 WL 1311482, at *3 n.24 (M.D. La. Feb. 28, 2022) (first citing FED. R. CIV. P. 4(c)(2); then *Shabazz*, 515 Fed. App'x at 264) ("[A] plaintiff—even one representing himself—cannot serve a summons and complaint."), *R. & R. adopted*, 2022 WL 1311474 (M.D. La. Mar. 15, 2022); *Lohr v. Express Jet Airlines, Inc.*, No. 20-3399, 2020 WL 7323360, at *1 (S.D. Tex. Dec. 11, 2020).
[22] R. Doc. 12-1 at p. 1.
[23] R. Doc. 9; R. Doc. 10; FED. R. CIV. P. 4(c); *Shabazz*, 515 Fed. App'x at 264 (first citing *White*, 301 Fed. App'x. at 317; then *Constien*, 628 F.3d at 1213-14); *Perez*, 2022 WL 557491, at *3; *see also* R. Doc. 6.

does not necessarily follow that plaintiff's error regarding service must result in dismissal of his claims."[24] "'[G]iven the Fifth Circuit's policy of leniency towards pro se plaintiffs,' it is sometimes appropriate to allow a pro se plaintiff an additional opportunity to effect service properly after his first attempt proves inadequate."[25] Considering Plaintiff's pro se status and failed service attempt, the Court will grant Plaintiff an additional thirty days form the date of this order to complete service.

In this case, Plaintiff sued Landry in her individual capacity.[26] Rule 4(c) requires Plaintiff to have the summons and complaint served upon Landry, but Plaintiff cannot serve the summons and complaint himself.[27] Although Plaintiff may not complete service himself, *any* other person who is at least 18 years old and not a party to this suit may complete service.[28] Rule 4(e) explains how to serve an individual, like Landry.[29] An individual may be served by (1) "following state law for serving a summons"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or" (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[30] Louisiana state law allows a plaintiff to complete service upon an individual through personal or domiciliary service (options (2) and (3) in the previous sentence).[31] Plaintiff may not serve

---

[24] *Perez*, 2022 WL 557491, at *3
[25] *Id.* (quoting *Lee v. Deutsche Bank Nat'l Tr. Co.*, No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. Mar. 6, 2019)).
[26] R. Doc. 1 at p. 1.
[27] FED. R. CIV. P. 4(c)(1)-(2).
[28] *Id.* at 4(c)(2).
[29] *Id.* at 4(e).
[30] *Id.*
[31] LA. CODE CIV. PROC. arts. 1231, 1232 & 1234.

4

Landry, a Louisiana resident, via certified mail.[32]

Plaintiff is also suing Murrill in her official capacity as Louisiana's Attorney General.[33] "Service on a defendant sued in his official capacity must be made under Rule 4(j), as suing a state official in his official capacity is ultimately a suit against the state."[34] Rule 4(j) states,

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[35]

Under Louisiana Code of Civil Procedure article 1265, a "public officer," such as Louisiana's Attorney General, "may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." Again, service via certified mail is not permitted for a Louisiana public officer.[36]

## CONCLUSION

**IT IS ORDERED** that determination of Landry and Murrill's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process is **DEFERRED**.[37]

**IT IS FURTHER ORDERED** that Plaintiff has until on or before **May 17, 2025** to perfect service on Landry and Murrill. If plaintiff does not perfect service on Lanry and

---

[32] *Williamwest v. Richardson*, No. 23-30264, 2024 WL 3372677, at *1 (5th Cir. July 11, 2024) (first citing FED. R. CIV. P. 4(e), (h)(1), & (j)(2)(B); then LA. CODE CIV. PROC. arts. 1232, 1234 & 1265) ("[C]ertified mail service of a complaint is not proper on defendants residing within Louisiana.").
[33] R. Doc. 1 at p. 1.
[34] *Libertarian Party v. Dardenne*, No. 08-582, 2009 WL 790149, at *4 (M.D. La. Mar. 24, 2009).
[35] FED. R. CIV. P. 4(j).
[36] *See* LA. CODE CIV. PROC. art. 1265.
[37] R. Doc. 12.

Murrill by this date, the motion to dismiss without prejudice will be granted without further notice.[38]

**New Orleans, Louisiana, this 17th day of April, 2025.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] *Id.*