### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DERRICK THOMAS,**                                        **CIVIL ACTION**
***Trustee for Derrick Thomas Trust,***
              **Plaintiff**

**VERSUS**                                                    **NO. 25-289**

**GERALD D. STICKER, ET AL.,**                        **SECTION: "E" (1)**
              **Defendants**

### ORDER AND REASONS

Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and, alternatively, a motion for summary judgment under Rule 56 filed by Defendants Gerald D. Sticker ("Sticker") and Camil Nanni ("Nanni").[1] Plaintiff Derrick Thomas, Trustee for Derrick Thomas Trust ("Plaintiff") opposes the motion to dismiss.[2] Defendants filed a reply.[3]

The Court declines to convert the pleading to a motion for summary judgment and, instead, will dismiss the action for lack of jurisdiction under Rule 12(h)(3).

### BACKGROUND

This case arises out of state court foreclosure proceedings filed against Derrick Thomas.[4] Plaintiff filed suit in this Court on February 11, 2025.[5] Plaintiff styles his complaint as a "Petition" under 42 U.S.C. § 1983.[6] Sticker and Nanni move to dismiss Plaintiff's claims against them for Plaintiff's failure to state a claim upon which the Court

---

[1] R. Doc. 11.
[2] R. Doc. 13.
[3] R. Doc. 25.
[4] R. Doc. 11-5; R. Doc. 11-6. *See generally* R. Doc. 1.
[5] R. Doc. 1.
[6] *Id.*

may grant relief.[7] Sticker and Nanni attach to their motion to dismiss state court documents from Plaintiff's foreclosure proceedings and Tangipahoa Parish records related to Sticker's position as Sheriff of Tangipahoa Parish.[8] The Court takes judicial notice of these documents.[9]

Plaintiff sues Sticker, the Sheriff of Tangipahoa Parish, in his personal capacity for Sticker's alleged involvement in the judicial seizure and sale of Plaintiff's property.[10] Plaintiff sues Nanni, an employee of the sheriff's office, in her personal capacity and makes one allegation against her.[11] Plaintiff alleges that he

> called and spoke to Camil Nanni at the Sheriff [sic] office on 08/09/24 and asked her where the Writ Seizure were [sic] that was supposed to be served and [he] was told that [his] ex wife Kawana Thomas accepted service and [he] told her that was last year in 2023 and that [he] was not served this year and she then stated to me that the old writ of seizure was still good however she is wrong in her statement and should know better.[12]

Sticker argues the Court should dismiss Plaintiff's claims against him because he is the lawful sheriff of Tangipahoa Parish, was authorized to seize Plaintiff's property, and seized Plaintiff's property through the proper legal procedures.[13] Nanni moves to dismiss Plaintiff's claims against her because her alleged statement to Plaintiff "is a correct

---

[7] R. Doc. 11-1.

[8] R. Doc. 11-4; R. Doc. 11-5; R. Doc. 11-6.

[9] "In general, a court may only look to 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint' when reviewing a 12(b)(6) motion to dismiss." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court may also take notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). In this case, the documents referenced are a court order rendered in a Louisiana state district court and proof of Sticker's Oath of Office, which are matters of public record.

[10] *See generally* R. Doc. 1; *Meet the Sheriff*, TANGIPAHOA PARISH SHERIFF'S OFFICE, https://www.tpso.org/meet-the-sheriff.

[11] *See generally* R. Doc. 1.

[12] *Id.* at p. 7.

[13] R. Doc. 11-1 at pp. 3-5.

statement of the law."[14]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(h)(3) mandates the dismissal of an action when a federal court lacks jurisdiction over the subject matter of the plaintiff's claim. A party seeking to challenge a federal court's jurisdiction, based upon the allegations on the face of the complaint, may file a motion pursuant to Rule 12(b)(1).[15] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts."[16] A federal court has an unflagging duty to inquire into its jurisdiction whenever the possibility of a lack of jurisdiction arises.[17] As the party asserting federal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper.[18]

The Court should consider a "Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[19] "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief."[20]

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual

---

[14] *Id.* at p. 4.
[15] *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).
[16] *Barrera-Montenegro*, 74 F.3d at 659 (internal citations omitted).
[17] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[18] *Id.*
[19] *In re FEMA Trailer Formaldehyde Prods. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).
[20] *Id.* at 287 (citing *Wagstaff v. United States Dep't of Educ.,* 509 F.3d 661, 663 (5th Cir. 2007)).

allegations in support of his claim that would entitle him to relief.[21] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[24] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[25]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[26] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[27] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[28] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the

---

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[23] *Id.*

[24] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[25] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[26] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[27] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

[28] *Iqbal*, 556 U.S. at 679.

complaint 'on its face show[s] a bar to relief.'"[29] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[30] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment."[31]

## LAW AND ANALYSIS

I.     **The Court lacks jurisdiction over Plaintiff's claims against Sticker and Nanni that attempt to set aside the state court's judgment.**

Under the "*Rooker-Feldman*" doctrine, a federal court is deprived of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[32] A plaintiff cannot circumvent this jurisdictional limitation "by asserting claims not raised in the state court proceedings or claims framed as original claims for relief," if such claims are "'inextricably intertwined' with a state court judgment."[33] Likewise, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[34] Indeed, the only federal recourse for constitutional questions arising in state court may be found by applying for a writ of certiorari to the United States

---

[29] *Cutrer v. McMillan*, 308 Fed. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[30] *Smith v. GE Healthcare, Inc.*, No. 19-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[31] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).
[32] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (first citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); then *Dist. of Colum. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).
[33] *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16)); *see also Carter v. Deutsche Bank Nat'l Tr. Co.*, No. 10-797, 2010 WL 3074323, at *2 (E.D. La. Aug. 2, 2010).
[34] *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986), *overruled on other grounds by Miller v. Dunn*, 35 F.4th 1007 (5th Cir. 2022); *see also Kimball v. The Fla. Bar*, 632 F.2d 1283, 1284-85 (5th Cir. 1980).

Supreme Court.[35]

The claims in Plaintiff's complaint are precisely the kind of claims to which the *Rooker-Feldman* doctrine is intended to apply. Without explicitly saying so, it is clear that Plaintiff is asking the Court to invalidate, or otherwise negate, the state court's judgment ordering the seizure and sale of his property, and asking the Court to find that the process undertaken by the defendants and the state court was somehow invalid or improper. A party seeking federal review of a state court foreclosure proceeding is not uncommon, and courts in this circuit have consistently held that claims such as Plaintiff's are barred by the *Rooker-Feldman* doctrine because subject matter jurisdiction is lacking.[36]

## II.    The *Rooker-Feldman* doctrine bars Plaintiff's state law claims because they are inextricably intertwined with the state court's judgment.

To the extent Plaintiff brings state law claims, these claims also are barred by *Rooker-Feldman*, as they all are inextricably intertwined with the state court's foreclosure judgment, if not direct "appeals" of that judgment. Plaintiff's state law fraud,[37] "ultra vires doctrine," and defamation claims all stem directly from the state court's decision to enter a judgment seizing Plaintiff's home and directing that it be sold at a sheriff's sale. Setting aside a discussion of the merits of Plaintiff's state law claims, it is clear that these claims are inextricably intertwined with the state court's judgment, and this Court has no jurisdiction over them under *Rooker-Feldman*.

---

[35] *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[36] *See, e.g.*, *Wylie v. Bank of N.Y. Mellon*, No. 11-2312, 2012 WL 729842, at *4-6 (E.D. La. Mar. 6, 2012); *Carter*, 2010 WL 3074323, at *2-4; *Pease v. First Nat'l Bank*, 335 Fed. App'x. 412, at *2 (5th Cir. 2009) (unpublished); *Flores v. Citizens State Bank of Roma, Tex.*, 132 F.3d 1457, at *1 (5th Cir. 1997) (unpublished).

[37] Plaintiff titles one section of his complaint as "(Fraud)." R. Doc. 1 at pp. 9-10. Plaintiff's allegations in this section are only against individuals and entities not named as defendants in this action. *Id.*

### III. Plaintiff does not assert any "independent claims" against Sticker or Nanni.

Next, the Court must analyze whether Plaintiff has asserted any claims against Sticker or Nanni not barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine does not preclude a district court's jurisdiction over an "independent claim," even if it is "one that denies a legal conclusion that a state court has reached."[38] Plaintiff's complaint is a hodge-podge of excerpts of the United States and Louisiana Constitutions, federal civil rights statutes, the Declaration of Independence, Louisiana Revised Statutes, Louisiana Civil Code and Code of Civil Procedure articles, and definitions from loan documents.[39] The Plaintiff does not clearly describe the causes of action he asserts.[40] Nor does he set forth factual allegations in support of any claims that, if accepted as true, would state a claim for relief that is plausible on its face.[41] If anything, his complaint relates to the state court sheriff's sale of property.[42]

In *Brooks v. Flagstar Bank, FSB,* a different section of this Court reviewed allegations similar to those in this case and held them to be inextricably intertwined with the state court judgment.[43] The *Brooks* plaintiffs filed suit challenging the defendant's actions in connection with a final judgment of foreclosure on the plaintiffs' home.[44] The plaintiffs alleged that defendant "Flagstar did not have the right to foreclose on the property and that defendants' actions before and after the foreclosure violated numerous

---

[38] *Exxon Mobil*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).
[39] *See generally* R. Doc. 1.
[40] *See generally id.*
[41] *See generally id.*
[42] *See generally id.*
[43] No. 11-67, 2011 WL 2710026 (E.D. La. July 12, 2011).
[44] *Id.* at *1.

federal and state laws."[45]

The *Brooks* court held, "Certain of plaintiffs' claims would require the Court to review the state court judgment ordering issuance of the writ of seizure and sale, or are inextricably intertwined with that judgment, and the Court lacks jurisdiction over those claims" under the *Rooker-Feldman* doctrine.[46] For example, the plaintiffs' alleged "that defendants abused the executory process by failing to meet the requirements for such process under Louisiana law" and "failed to serve plaintiffs with proper notice of the foreclosure or with proper demand for the default amount."[47] Based on "these deficiencies," plaintiffs alleged that "issuance of the writ of seizure and sale was improper."[48] The *Brooks* court reasoned that the plaintiffs' causes of action related to defendants alleged "abuse" of the executory process, failure to properly serve plaintiffs with a notice of foreclosure and a proper demand, improper issuance of a writ of seizure, and bad faith abuse of the executory process "constitute direct attacks on the state court judgment and seek a thorough review of state court foreclosure procedures."[49] Thus, the court dismissed these claims.[50]

In this case, Plaintiff's allegations against Sticker and Nanni are similar to those dismissed in *Brooks* as inextricably intertwined with the state court judgment.[51] Like the *Brooks* plaintiffs' allegations that the *Brooks* defendants failed to follow certain executory process procedures, Plaintiff's allegations in this case against Sticker and Nanni pertain

---

[45] *Id.*
[46] *Id.* at *4.
[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id. See generally* R. Doc. 1.

to whether they followed the proper executory process procedures with respect to the seizure and sale of Plaintiff's property.[52] As in *Brooks*, Plaintiff's claims against Sticker and Nanni are "direct attacks on the state court judgment" that require the Court to thoroughly review "state court foreclosure procedures" and are therefore "inextricably intertwined with" the state court judgment.[53]

In conclusion, to the extent Plaintiff has pleaded claims for relief against Sticker and Nanni, Plaintiff's claims against them are dismissed for lack of jurisdiction because they are inextricably intertwined with the state court judgment in the foreclosure proceedings against Plaintiff.[54]

## **CONCLUSION**

**IT IS ORDERED** that Defendants Gerald D. Sticker and Camil Nanni's motion to dismiss is **GRANTED** because the Court lacks subject matter jurisdiction.[55]

**IT IS FURTHER ORDERED** that Defendants Gerald D. Sticker and Camil Nanni are **DISMISSED WITHOUT PREJUDICE** as defendants in this action.

**New Orleans, Louisiana, this 22nd day of April, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] *See generally id.*
[53] *Brooks*, 2011 WL 2710026, at *1, *4.
[54] *Id.* at *4. *See generally* R. Doc. 1.
[55] R. Doc. 11.